IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY BUTLER,            Petitioner,     vs.  A. P. KANE, Acting Warden,            Respondent. | No. C 05-2217 CRB (PR)  ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") August 29, 2002 decision to deny him parole.

Per order filed on October 3, 2005, the court found that petitioner's claim that the BPT's decision finding him not suitable for parole does not comport with due process appears colorable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent instead filed a motion to dismiss on the ground that California inmates do not have a liberty interest in early release on parole that is protected by federal due process because the Supreme Court of California held in In re Dannenberg, 34 Cal. 4th 1061 (2005), that the language of California Penal Code section 3041, setting forth California's parole scheme, is not mandatory.

Per order filed on September 6, 2006, the court denied respondent's motion on the ground that the "Ninth Circuit recently rejected respondent's argument and made clear that 'California inmates continue to have a liberty interest in parole after In re Dannenberg, 34 Cal. 4th 1061 (2005).' Sass v. California Bd. of Prison Terms, No. 05-16455, slip op. 10563, 10566 (9th Cir. Aug. 31, 2006)." Sept. 6, 2006 Order at 2. The court reinstated its previous order and again ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has now filed an answer to the order to show cause and petitioner has filed a traverse.

## BACKGROUND

In 1983, petitioner was convicted by a Contra Costa County superior court jury of second degree murder and was sentenced to an indeterminate term of 15 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPT. On August 29, 2002, petitioner appeared before the BPT for the sixth time. The BPT again found him not suitable for parole and denied him a subsequent hearing for three years. Petitioner filed an administrative appeal, which was denied on June 10, 2003.

Petitioner then challenged the BPT's August 29, 2002 decision in the state superior, appellate and supreme courts. After the Supreme Court of California denied his final state habeas petition on February 23, 2005, the instant federal petition for a writ of habeas corpus followed.

## DISCUSSION

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas

2

1	petition by a state prisoner in custody pursuant to a state court judgment, even
2	when the petitioner is not challenging his underlying state court conviction."
3	White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this
4	court may entertain a petition for habeas relief on behalf of a California state
5	inmate "only on the ground that he is in custody in violation of the Constitution
6	or laws or treaties of the United States."  28 U.S.C. § 2254(a).

7	The writ may not be granted unless the state court's adjudication of any
8	claim on the merits: "(1) resulted in a decision that was contrary to, or involved
9	an unreasonable application of, clearly established Federal law, as determined by
10	the Supreme Court of the United States; or (2) resulted in a decision that was
11	based on an unreasonable determination of the facts in light of the evidence
12	presented in the State court proceeding."  Id. at § 2254(d).  Under this deferential
13	standard, federal habeas relief will not be granted "simply because [this] court
14	concludes in its independent judgment that the relevant state-court decision
15	applied clearly established federal law erroneously or incorrectly.  Rather, that
16	application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 411
17	(2000).

18	While circuit law may provide persuasive authority in determining
19	whether the state court made an unreasonable application of Supreme Court
20	precedent, the only definitive source of clearly established federal law under 28
21	U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme
22	Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331
23	F.3d 1062, 1069 (9th Cir. 2003).

24	B.	Legal Claims and Analysis

25	Petitioner seeks federal habeas corpus relief from the BPT's August 29,
26	2002 decision finding him not suitable for parole, and denying him a subsequent

28	3

hearing for three years, on the ground that the decision does not comport with due process.  Petitioner claims that the BPT's decision is not supported by some evidence in the record and instead is improperly based on the unchanging facts of his offense and two prison disciplinary violations which are more than ten years old.  Petitioner also claims that the BPT failed to apply California's sentencing matrices and that its denial of his parole was "in the further advancement of it[]s illegal no-parole-for-murderers policy and practices."

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."  Cal. Penal Code § 3041(b).  In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime.  See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections.  Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002).  It matters not that, as is the case here, a parole release date has never been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate."  Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole.  Sass, 461 F.3d at 1125

(holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d at 904 (same).  This "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Hill, 472 U.S. at 457.  Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability.  Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.  Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995).  In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.  The panel explained that it found that the crime was carried out "in an especially cruel manner" demonstrating "an exceptionally callous disregard for human suffering" and that the "motive for the crime was inexplicable or very trivial in relation to the crime." Hr'g Tr at 53 (Resp't Ex. 3).  Petitioner argued with his girlfriend and, during the

argument, struck her numerous times and killer her.  The panel also found that petitioner had an escalating pattern of criminal conduct and a record of violence, including arrests for petty theft, assault with a deadly weapon, transportation and sale of a controlled substance, and charges for kidnaping, rape, robbery and false imprisonment, of which he was convicted of the latter; had an unstable social history and had failed to profit from society's previous attempts to correct his criminality; had failed to demonstrate a positive change in his behavior while incarcerated, noting various misconduct and disciplinary infractions and failure to sufficiently participate in substance abuse self-help; and had no realistic parole plans.  Id. at 54, 55.  The panel noted that petitioner's psychological evaluation estimated his violence potential within a controlled setting as average, but if released his violence potential would be slightly higher than the average citizen and, if he abused illegal drugs, much higher than the average citizen.  Id. at 54-55.  The panel commended petitioner for completing a vocational program and an "impact" self-help program and remaining disciplinary-free since 1990, but concluded that "[t]hese positive aspects of his behavior do not outweigh the factors of unsuitability."  Id. at 56.

The state superior court upheld the decision of the BPT and the state appellate and supreme courts summarily affirmed.  The superior court found that "there is some evidence supporting the BPT's Decision denying parole."  In re Terry Butler, No. 032254-5, slip op. at 3 (Cal. Super. Ct. Dec. 1, 2003) (Resp't Ex. 5).  Just as the BPT did, the court noted that the commitment offense had been carried out in a especially cruel manner demonstrating a callous disregard for human life in that the victim had been abused during the offense; petitioner had an extensive criminal background which included arrests for petty theft, assault with a deadly weapon, transportation and sale of a controlled substance,

charges for kidnaping, rape, robbery and false imprisonment, and a conviction for the latter; petitioner received four disciplinary reports in prison and 11 more recent counseling memoranda, with the last one being for selling pornographic material; and that the psychological evaluation was not entirely supportive of release because the evaluator wrote that, if released to the community, petitioner's violence potential would be slightly higher than the average citizen and, if he abused illegal drugs, much higher than the average citizen. Id. at 2-3. The court also made two observations of its own:

> . . . [P]etitioner presents a serious potential threat of violence to the community in that he affirmatively finds substance abuse a way of obtaining "help." Given the increase in petitioner's potential dangerousness and violence potential when abusing drugs, there is no doubt that the BPT's Decision was fully justified on the public safety issue alone.
>
> Further, the evidence from the hearing was clear, petitioner denied that there had been prior reports of domestic violence and physical abuse in his apartment. Yet the facts were established as early as 1991 that there was a pattern of domestic abuse at petitioner's the present apartment and that he had the same violent pattern with two prior girlfriends. Petitioner's denial of the historical facts of his behavior leads this court to conclude that he lacks insight into his inability to control his violent tendencies toward women. There was no evidence presented that petitioner presented any less of a danger to women today than what he has displayed in the past. There is no evidence that petitioner's pattern of violence toward women has changed or would change upon his release.

Id. at 3-4 (citations omitted).

The state court's rejection of petitioner's due process claim was not contrary to, or an unreasonable application of, the Hill standard, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The BPT's August 29, 2002 decision to deny petitioner parole after his sixth parole consideration hearing is supported by some evidence in the record and that evidence bears some indicia of reliability. See, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports);

1  Biggs, 334 F.3d at 916 (upholding denial of parole based solely on gravity of
2  offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding
3  denial of parole based on criminal history, cruel nature of offense, and need for
4  further psychiatric treatment).  The inquiry under Hill is simply "whether there is
5  any evidence in the record that could support the conclusion reached by the
6  [BPT]." Hill, 474 U.S. at 455-56 (emphasis added).  There is – the facts
7  surrounding the crime reasonably suggest that it was carried out in a cruel and
8  callous fashion; petitioner has a pre-commitment record of escalating criminal
9  activity; petitioner did not complete a substance abuse self-help program;
10 petitioner did not have firm parole plans; and petitioner's psychiatric evaluation
11 was not completely satisfactory.  Cf. Cal. Code Regs. tit. 15, § 2402(c) & (d)
12 (listing circumstances tending to show unsuitability for parole and circumstances
13 tending to show suitability).  It is not up to this court to "reweigh the evidence."
14 Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

15      Petitioner argues that the superior court improperly determined that he
16 considers substance abuse a way of obtaining help and improperly considered his
17 counseling memoranda the equivalent of disciplinary write-ups.  He also argues
18 that the continued reliance on the immutable circumstances of his murder offense
19 and pre-commitment conduct conflicts with the Ninth Circuit's ruling in Biggs.[1]
20 None of these arguments compel federal habeas relief because ample other
21 evidence in the record (e.g., lack of firm parole plans, insufficient substance
22 abuse self-help programming and a less-than-favorable psychiatric evaluation)

---

[1] In Biggs, the Ninth Circuit upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, but cautioned that, over time, denying a prisoner parole strictly because of the nature of his offense and his prior conduct "would raise serious questions involving his liberty interest in parole . . . and could result in a due process violation." Biggs, 334 F.3d at 916-17.

constitutes some evidence under Hill.  See 28 U.S.C. § 2254(d); Hill, 474 U.S. at 455-56 (inquiry under Hill is simply whether there is any evidence in the record that could support the conclusion reached by the BPT).

Petitioner also claims that the BPT failed to apply California's sentencing matrices and that its systematic denial of his parole was "in the further advancement of it[]s illegal no-parole-for-murderers policy and practices."  Both claims are without merit.

The Supreme Court of California has held that the BPT need not evaluate an inmate's crime against the sentencing matrices because unless and until the prisoner is found suitable for parole a date for the inmate's release need not be set.  In re Dannenberg, 34 Cal. 4th 1061, 1070-01 (2005).  This court is bound by the Supreme Court of California's interpretation of California law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds a federal court sitting in habeas corpus); Hicks v. Feiock, 485 U.S. 624, 629 (1988) (same).

Petitioner has set forth no evidentiary support for his systematic bias claim.  But even if he had, there is no evidence in the record indicating that this alleged bias affected the BPT's decision or served as the basis for denying parole.  To the contrary, the transcript from petitioner's August 29, 2002 parole hearing demonstrates that he received an individualized assessment of his potential parole suitability.  Petitioner's reliance on the high percentage of parole denials for life inmates provides no proof of the BPT's alleged systematic bias against parole.  Cf. California Dept. of Corrections v. Morales, 514 U.S. 499, 510-11 (1995) (citing that 90 percent of all California inmates are found unsuitable for parole as evidence that deferring annual parole suitability hearings was lawful and reasonable) .

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Sept. 19, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.05\Butler1.or3.wpd